BRANDO VINCENT,

    Plaintiff,

Case No. 2:10-cv-10131
Hon. Patrick J. Duggan

vs.

NORTHWEST AIRLINES, INC.,
a Foreign Profit Corporation, individually
and d/b/a NORTHWEST AIRLINES,

    Defendant.

---

| | |
|---|---|
| MICHAEL G. KELMAN (P39135) | DAVID R. BAXTER (P31121) |
| BRIAN L. FANTICH (P60935) | DANIEL J. SEYMOUR (P38908) |
| Attorneys for Plaintiff | Attorneys for Defendant |
| Law Offices of Kelman & Fantich | Nagi, Baxter, & Seymour, P.C. |
| 30833 Northwestern #206 | 155 West Congress, Ste. 300 |
| Farmington Hills, MI 48334 | Detroit, MI 48226 |
| (248) 855-0100 | (313) 964-2040 |

---

**STIPULATED PROTECTIVE ORDER REGARDING
DISCLOSURE OF THE PARTIES' PROPRIETARY DOCUMENTS AND
CONFIDENTIAL MATERIALS, MEDICAL RECORDS AND FINANCIAL RECORDS**

At a session of said Court held in
the United States District Court in
Detroit, Michigan on June 1, 2010
Present: Hon.: Patrick J. Duggan
U.S.District Court Judge

The parties having reviewed the parties' request for a Protective Order, and stipulated to entry of same; therefore, the Court being fully advised in the premise, this Order shall be entered in the following form to protect, preserve, and maintain Plaintiff's personal and confidential financial information and medical information and certain proprietary and confidential

information prepared and utilized by Northwest Airlines, Inc. in the ordinary course of business for the operation of the company, pursuant to the Federal Aviation Regulations and including certain confidential or proprietary information maintained by Northwest Airlines, which may include the names of non-party passengers and their personal information;

**IT IS HEREBY ORDERED BY THE COURT** as follows:

1. The term "protected documents" shall be deemed to refer to proprietary documents, personnel files, passenger lists, contracts and/or other confidential materials produced by Defendant Northwest Airlines, Inc. Such documents shall be identified with a stamp: "Protected Document." Such documents will also include medical or financial records pertaining to Plaintiff and produced by third-party providers.

2. The following shall govern as to all "Protected Documents":

    a. All Protected Documents and the information contained therein shall be treated as confidential by the parties and their attorneys who shall not permit disclosure of any such document, its contents or any portion thereof; except, however, nothing herein shall prevent counsel from exhibiting such documents or disclosing the information contained therein to persons assisting counsel in the preparation of the case for trial, including consultants, clerical or accounting personnel, persons who have prepared or assisted in the preparation of such documents, persons to whom the documents or copies thereof were addressed or delivered, employees and former employees of a party who are assisting counsel in the preparation

for trial of this action. Prior to any such disclosures or exhibition, counsel shall first present a copy of this protective order and shall not permit disclosure of the documents or the information contained therein other than pursuant to the terms of the Order.

    b.    The scope of this Protective Order includes and governs any records or documents produced by Plaintiff Brando Vincent, or by records custodians in response to medical and/or records authorizations executed by Plaintiff Brando Vincent with respect to medical records, employment records, tax records, or any records which contain pertinent personal information including Plaintiff's Social Security number, birth date, or information which would adversely impair Plaintiff's identity.

    c.    Upon settlement or final judgment, all copies of protected documents in the possession of Plaintiff (or any persons provided access to said documents under paragraph 2(a) above) shall be returned to Defendant by returning the documents to attorneys for Northwest Airlines, Inc.

    d.    Upon settlement or final judgment, all copies of protected documents introduced into evidence in the subject action may be withdrawn from evidence and returned to Northwest Airlines, Inc. by returning the documents to their attorneys.

    e.    Except for their use in the present action, no copies shall be made of protected documents subject to the provisions of paragraph 2(a), 2(b) and 2(c), above, and subject to the Federal Rules of Evidence.

3. This Order does not authorize the filing of any document under seal. Documents may be sealed only if authorized by statute, rule, or Order of the Court. A party seeking to file under seal any paper or other matter in any civil case pursuant to this section shall file and serve a motion that sets forth (i) the

authority for sealing; (ii) an identification and description of each item proposed for sealing; (iii) the reason that sealing each item is necessary; (iv) the reason that a means other than sealing is not available or unsatisfactory to preserve the interest advanced by the movant in support of the seal; and (v) a memorandum of legal authority supporting the seal. See **Local Rule 5.3**. The movant shall not file or otherwise tender to the Clerk any item proposed for sealing unless the Court has granted the motion required by this section.

    4.    Whenever a motion to seal is filed, the movant shall submit a proposed order which states the particular reason the seal is required.  The proposed order shall be submitted to the judge to whom the case is assigned or to the magistrate judge to whom the matter is referred, via the link located under the "Utilities" section of CM/ECF.  If a motion to seal is granted, the documents to be filed under seal shall be delivered sealed to the Clerk of the Court in a 9 X 12 inch envelope, and shall not be available to public inspection.  Envelopes used to seal such documents shall have the following information printed on its face: (a) the name of the court; (b) the title of the case; (c) the case caption; (d) the name of the document; (e) the attorney's name, address, and the party he or she represents; and (f) the following language: "FILED UNDER SEAL PURSUANT TO A PROTECTIVE

ORDER." A copy of the Order authorizing filing under seal shall also be attached to the outside of the envelope.

5. Documents produced that are designated as "Protected Documents" may not be filed by any party without first giving the opposing party ten (10) days notice to file a motion (if deemed necessary) to request the document(s) be placed under seal, and if the motion is filed within the ten (10) day period, no protected document may be filed until the motion to seal same has been ruled on.

        s/Patrick J. Duggan
        Patrick J. Duggan
        United States District Judge
Dated: June 1, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 1, 2010, by electronic and/or ordinary mail.

        s/Marilyn Orem
        Case Manager

Stipulated by:

    /s/Brian L. Fantich
By:     w/consent               By:  /s/David R. Baxter
   Brian L. Fantich (P60935)       David R. Baxter (P31121)
   Attorney for Plaintiff             Attorney for Defendant

Dated: May 28, 2010