UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRANDO VINCENT,

       Plaintiff,

v.　　　　　　　　　　　　　　　　　　　Case No. 10-10131
　　　　　　　　　　　　　　　　　　　　Honorable Patrick J. Duggan

NORTHWEST AIRLINES, INC.,
a Foreign Profit Corporation, Individually
and d/b/a NORTHWEST AIRLINES,

       Defendant.
                        /

**<u>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT</u>**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on August 19, 2010 .

PRESENT: THE HONORABLE PATRICK J. DUGGAN
U.S. DISTRICT COURT JUDGE

**I.　　Introduction**

On October 22, 2009, Brando Vincent ("Plaintiff") filed a complaint against Northwest Airlines, Inc. ("Northwest") in Wayne County Circuit Court alleging several claims. The claims are based on two separate incidents. The first incident took place on Northwest Flight #289 on September 7, 2007, when hot coffee spilled on Plaintiff's lap. The second incident occurred when Plaintiff allegedly purchased a first class ticket on a flight from Honolulu to Chicago, and Northwest refused to provide him with a first class

1

seat.[1] On January 13, 2010, Northwest timely removed Plaintiff's complaint to this Court based on diversity jurisdiction. *See* 28 U.S.C. §§1441, 1446. On June 15, 2010, Northwest filed a motion for summary judgment pursuant to Federal Rules of Civil Procedure 56. Plaintiff responded to the motion on July 6, 2010, and Northwest filed a reply brief on July 13, 2010. The Court held a motion hearing on August 11, 2010. For the reasons that follow, the Court grants Northwest's motion for summary judgment.

## II.  Factual and Procedural Background

On September 7, 2007, Plaintiff was a passenger on Northwest flight #289 from Detroit to Memphis. Plaintiff alleges that there was a high degree of turbulence during the flight, and the flight attendant spilled coffee on Plaintiff's lap. The flight attendant contends that Plaintiff spilled the coffee on himself. Plaintiff claims that he sustained "serious and disabling burn injuries resulting in permanent scarring" from the incident. (Pl.'s Resp. at 5.)  Based on this incident, Plaintiff alleges in his complaint "Negligence and Gross Negligence, Negligent Hiring and Training" and Negligent and/or Intentional Infliction of Emotional Distress.

## III.  Legal Standard

Summary judgment is appropriate only when there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed. R.

---

[1] In Plaintiff's response brief to Northwest's motion for summary judgment, Plaintiff concedes that this second incident never occurred. Therefore, the Court will not discuss this incident or Plaintiff's claims based on this incident further.

2

Civ. P. 56(c). The central inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S. Ct. 2505, 2512 (1986). Rule 56(c) mandates summary judgment against a party who fails to establish the existence of an element essential to that party's case and on which that party bears the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986).

The moving part has the initial burden of showing "the absence of a genuine issue of material fact." *Id.* at 323, 106 S. Ct. at 2553. Once the moving party meets this burden, the non-moving party must come forward with specific facts showing that there is a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356 (1986). To demonstrate a genuine issue, the non-moving party must present sufficient evidence upon which a jury could reasonably find for the non-moving party; a "scintilla of evidence" is insufficient. *Liberty Lobby*, 477 U.S. at 252, 106 S. Ct. at 2512.

The court must accept as true the non-moving party's evidence and draw "all justifiable inferences" in the non-moving party's favor. *See id.* at 255, 106 S. Ct. at 2513. The inquiry is whether the evidence presented is such that a jury applying the relevant evidentiary standard could "reasonably find for either the plaintiff or the defendant." *See id.* at 255, 106 S. Ct. at 2514.

**IV. Discussion**

Based on undisputed facts, Northwest argues that Plaintiff's claims are precluded by the parties' contract. Northwest also argues that Plaintiff has alleged no facts to support his gross negligence or the negligent and/or intentional infliction of emotional distress claims.

Northwest argues that Plaintiff's claims are time-barred pursuant to the one-year limitations period in its travel agreement with Plaintiff. Plaintiff filed this action on October 22, 2009, more than two years after the incident occurred.

Federal law provides that "an air carrier may incorporate by reference in a ticket or written instrument any term of the contract for providing interstate air transportation." 49 U.S.C. § 41707. The incorporated terms may include claim restrictions, specifically time periods within which passengers must bring an action. *See* 14 C.F.R. § 253.5(b)(2). Under Sixth Circuit precedent, a carrier may limit its liability to passengers in a ticket or other written instrument only if "the carrier has made a 'reasonable' effort to warn passengers of the notice and filing requirements." *Barbachym v. Costa Line, Inc.*, 713 F.2d 216, 219 (6th Cir. 1983).

In the present case, Plaintiff's electronic ticket clearly stated: "Northwest Airlines Notice of Incorporated Terms … Incorporated terms include but are not restricted to … [c]laim restrictions, including time periods in which you must file a claim or sue Northwest." (Def.'s Mot. Ex. B.) The terms in the electronic ticket explained that the incorporated terms could be found in the Northwest Airlines Passenger Contract of Carriage which was available online at Northwest's website, at any Northwest airport, or

4

by requesting a copy from Northwest by mail. (*Id.*) The relevant incorporated terms found in Northwest's contract of carriage state:

> A) Personal Injury and Death
>
> No action shall be maintained for injury to or death of any passenger unless:
>
> 1) Notice of the alleged occurrence of events resulting in the claim is presented in writing to the general offices of the carrier alleged to be responsible within 90 days, *and*;
>
> 2) Action regarding the claim commences within one year of its alleged occurrence.

(*Id.* Ex. F) (emphasis added).

In response, citing *Sweitzer v. Pinnacle Airlines, Inc.*, No. 09-469, 2010 U.S. Dist. LEXIS 46983 (W.D. Mich. May 13, 2010), Plaintiff argues that the one-year limitation period in Northwest's contract of carriage is not enforceable. In *Sweitzer*, on or about April 2, 2009, the plaintiffs sued Pinnacle Airlines, doing business as Northwest Airlink and Northwest Airlines, Inc., for negligence and gross negligence and breach of warranty based on an incident that took place on April 12, 2007, when the plane on which the plaintiffs were passengers, overran the runway landing. *Id.* at *1-2. Pinnacle filed a motion for summary judgment arguing that the plaintiffs' claims were time barred because the contract of carriage between Pinnacle and the plaintiffs provided a one year time limit to bring claims.

Although the plaintiffs failed to bring their action within one year, the district court rejected Pinnacle's argument finding that the airline failed to prove that the plaintiffs had

notice of the time limit. In order to prove reasonable notice, Pinnacle had provided the court with an exemplar of e-ticket/transportation documents issued by Northwest Airlines because the plaintiffs' original electronic tickets were not available. *Id.* at *8-9. Pinnacle, however, failed to provide an affidavit or other document attesting to the validity of the exemplar. *Id.* at *9. The court held that Pinnacle's claim limitation argument failed for three reasons: 1) Pinnacle failed to authenticate the exemplar document; 2) the exemplar document only applied to Northwest Airlines and not to Pinnacle Airlines which "operated the [plaintiffs'] flight and was in sole control" of the flight; and 3) Northwest's contract of carriage was irrelevant because the plaintiffs were not suing Northwest Airlines as a common carrier but rather Pinnacle.[2] *Id.* at *10. In the current matter, Plaintiff argues that *Sweitzer* contains the same legal issue and, for this reason, the Court should find the electronic ticket inadmissible, reject Northwest's timeliness argument, and deny Northwest's motion for summary judgment.

This Court finds *Sweitzer* distinguishable and not applicable for three reasons.[3] First, *Sweitzer* is an unpublished Western District of Michigan decision; therefore, it is not binding on this Court. Second, in the present matter, Northwest attached Plaintiff's

---

[2]The plaintiffs were suing Northwest as a provider of Aviation Weather Reports and Pinnacle as the common carrier.

[3]Plaintiff contends that Northwest's counsel had an ethical obligation to cite all adverse cases, specifically the *Sweitzer* case. Contrary to Plaintiff's assertions, Northwest had no ethical obligation to cite this case because it is distinguishable and not binding on this Court.

actual electronic ticket/boarding pass to its motion. (*See* Def.'s Mot. Ex. B.) Plaintiff identified these documents at his deposition and acknowledged that he had given them to his attorney. (*See Id.* Ex. A at 12-13.) Third, Plaintiff's lawsuit is against Northwest for conduct that allegedly occurred while Plaintiff was on a flight operated and controlled by Northwest. Therefore, Northwest was acting as a common carrier. Thus, the contract of carriage presented to the Court applies to this dispute.

Plaintiff argues, however, that Northwest had notice of his claim within one year. Northwest's contract of carriage requires that *notice* of a claim be provided within 90 days *and* that an *action* concerning the claim commence within one year from the time of the occurrence. Although Plaintiff may have notified Northwest of his claim within one year, he commenced this action on October 22, 2009, more than two years after the occurrence of the incident on September 7, 2007. Therefore, this Court concludes that all of Plaintiff's claims relating to the September 7, 2007 flight are time-barred.

## V. Conclusion

For the reasons set forth above, the Court grants Northwest's motion for summary judgment.

Accordingly,

**IT IS HEREBY ORDERED**, that Northwest's motion for summary judgment is **GRANTED**.

DATE: August 19, 2010				s/PATRICK J. DUGGAN
						UNITED STATES DISTRICT JUDGE

Copies to:
Michael G. Kelman, Esq.
Brian L. Fantich, Esq.
David R. Baxter, Esq.
Daniel J. Seymour, Esq.