UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRANDO VINCENT,

       Plaintiff,

v.　　　　　　　　　　　　　　　　　　Case No. 10-10131
　　　　　　　　　　　　　　　　　　　Honorable Patrick J. Duggan

NORTHWEST AIRLINES, INC.,
a Foreign Profit Corporation, Individually
and d/b/a NORTHWEST AIRLINES,

       Defendant.
                                /

## OPINION AND ORDER GRANTING DEFENDANT NORTHWEST AIRLINES, INC.'S MOTION FOR AN AWARD OF MICHIGAN CASE EVALUATION SANCTIONS

On October 22, 2009, Brando Vincent ("Plaintiff") filed a complaint against Northwest Airlines, Inc. ("Defendant") in Wayne County Circuit Court. On January 13, 2010, Defendant timely removed Plaintiff's complaint to this Court based on diversity jurisdiction. *See* 28 U.S.C. §§1441, 1446. The parties subsequently stipulated to a request for case evaluation, including an agreement to be bound by the provisions of Michigan Court Rule 2.403. (Doc. 6.) Pursuant to the parties' stipulation, on February 1, 2010, the Court entered an order referring the matter to case evaluation and reflecting the parties' agreement to be bound by Rule 2.403 (Doc. 7.)

Case evaluation thereafter took place before a Wayne County Case Evaluation panel. The panel unanimously recommended an award in Plaintiff's favor in the amount

of $11,000. (Doc. 33 Attachment A.) Defendant accepted the award; Plaintiff, by failing to respond, rejected the award. (*Id*.); *see also* MCR 2.403(L)(1). On June 15, 2010, Defendant filed a motion for summary judgment pursuant to Federal Rules of Civil Procedure 56. This Court granted the motion in an opinion and order entered August 19, 2010, and entered judgment in favor of Defendant on the same date. (Docs. 28, 29.) Plaintiff filed a notice of appeal on September 14, 2010, which remains pending before the Sixth Circuit Court of Appeals. (Doc. 30.)

On September 16, 2010, Defendant filed a motion for sanctions pursuant to Michigan Court Rule 2.403. (Doc. 33.) Plaintiff has not responded to the motion. In the motion, Defendant seeks attorneys' fees totaling $3,900 (representing 19.5 hours at a rate of $200/hour) and costs in the amount of $125 (representing its damage expert's bill for reviewing records and discussions with defense counsel), for a total award of $4,025.00. (*See* Doc. 33 Attachment B.)

Michigan Court Rule 2.403(O) provides in pertinent part: "If a party has rejected an evaluation and the action proceeds to verdict, that party must pay the opposing party's actual costs unless the verdict is more favorable to the rejecting party than the case evaluation." MCR 2.403(O)(1). The rule defines "verdict" to include: "(a) a jury verdict, (b) a judgment by the court after a nonjury trial, [or] (c) a judgment entered as a result of a ruling on a motion after rejection of the case evaluation." MCR 2.403(O)(2). The rule defines "actual costs" to include "(a) those costs taxable in any civil action, and (b) a reasonable attorney fee based on a reasonable hourly or daily rate as determined by the

trial judge for services necessitated by the rejection of the case evaluation." MCR 2.403(O)(6).

Here, judgment (i.e. the verdict) was entered after the Court granted Defendant's motion for summary judgment and therefore Plaintiff, by rejecting the case evaluation award, is liable for Defendant's actual costs under Rule 2.403. The Court finds the hourly rate charged by Defendant's counsel and the hours expended reasonable. The costs for Defendant's expert's review of records and discussions with defense counsel, however, are not taxable. *See* 28 U.S.C. §§ 1821, 1920. Therefore the Court **GRANTS** Defendant's Motion for an Award of Michigan Case Evaluation Sanctions and finds that Defendant is entitled to an award of $3,900. However, in light of Plaintiff's pending appeal, the Court is requiring Plaintiff to pay the amount awarded only if this Court's decision awarding summary judgment in favor of Defendant is affirmed. In that case, Plaintiff shall pay Michigan case evaluation sanctions in the amount of $3,900 to Defendant **within thirty (30) days of the Sixth Circuit's mandate**.

**SO ORDERED**.

DATE: November 8, 2010              s/PATRICK J. DUGGAN
                                    UNITED STATES DISTRICT JUDGE

Copies to:
Michael G. Kelman, Esq.
Brian L. Fantich, Esq.
David R. Baxter, Esq.
Daniel J. Seymour, Esq.

Brando Vincent
1800 W. Bethune Apt. 408
Detroit, MI   48206